IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10256
Summary Calendar
_____

MACK HARVEY COLEMAN,

Plaintiff-Appellant,

versus

D. POLLOCK, Captain; THOMPSON, Lieutenant;
KENNELLY, Lieutenant; HALLEBURTON, Sergeant;
GUTIERREZ, Correctional Officer III; MS. PIKE,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-69
- - - - - - - - - - -
October 19, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Mack Harvey Coleman, Texas prisoner #552048, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his civil rights lawsuit, 42 U.S.C. § 1983, for failure to prosecute, namely, for failure to comply with the magistrate judge's order to supply clarifying financial information regarding his IFP application. The district court did not abuse its discretion in dismissing the case for failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to comply with its order.  See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).

Coleman's allegations, raised for the first time in this court, regarding an assault by a fellow inmate on March 7, 1998, and deliberate indifference, retaliation, and discrimination by prison officials in the Neal Unit where Coleman is currently incarcerated, do not amount to plain error.  See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(review of issues raised for the first time on appeal is limited to plain error)(en banc); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995); see United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995)(factual issues which are capable of resolution by the district court cannot rise to the level of plain error); Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988).

Coleman's motion for injunctive relief against prison official's of Neal Unit who were not parties to the instant § 1983 complaint is DENIED.  See Fed. R. App. P. 8(a).

Coleman's appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.